■ Dorothy Woods, Appellant, v MONY Legacy Life Insurance Company, Respondent. [604 NYS2d 398] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action, alleging that defendant, a life insurance company that operates a money market account, wrongfully honored six checks bearing her forged signature. Defendant moved to dismiss the complaint, asserting, among other grounds, that it is time-barred. Defendant asserted by affidavit of the supervisor of its Money Market Unit that plaintiff did not notify defendant of the alleged forgeries until over 15 months after account statements were mailed to plaintiff's attorney at plaintiff's instruction.

The court properly dismissed plaintiff's complaint as time-barred pursuant to UCC 4-406 (4) (see, Lichtenstein v Kidder, Peabody & Co., 727 F Supp 975, vacated on other grounds 777 F Supp 423). That section provides that a bank customer must discover and report his unauthorized signature within one year from the time the bank statement and items paid in good faith are made available to him or he is precluded from asserting against the bank such unauthorized signature. We find that defendant is a "bank" for purposes of UCC 4-406. "It would be anomalous to establish one rule for checking ac-

counts administered by a bank, and another rule for checking accounts administered by a brokerage firm in connection with a bank. The public policy interest in establishing a clear system of rights and liabilities between parties to a commercial transaction is the same in both cases" *(Lichtenstein v Kidder, Peabody & Co., supra,* at 979). The same public policy applies to a checking account administered by an insurance company. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.